20-4071-cv
Bank v. Spark Energy, LLC.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-one.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*,
RACHEL P. KOVNER,*
*Judge.*

------------------------------------------------------------------

TODD C. BANK, INDIVIDUALLY
AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellant*,

v.                                                          No. 20-4071-cv

SPARK ENERGY, LLC,

---

* Judge Rachel P. Kovner, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellee.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:  TODD C. BANK, *pro se*, Kew Gardens, NY

FOR DEFENDANT-APPELLEE:  WILLIAM R. PETERSON (Michelle D. Pector, *on the brief*), Morgan, Lewis & Bockius LLP, Houston, TX

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Todd Bank, an attorney appearing pro se, appeals from a judgment entered November 24, 2020 by the United States District Court for the Eastern District of New York (Chen, J.), dismissing his complaint against Spark Energy, LLC and denying leave to amend. Bank sued Spark on behalf of himself and three proposed classes, alleging violations of (1) the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), (B); (2) the federal regulation concerning telephonic solicitation to telephone numbers on the National Do-Not-Call Registry, 47 C.F.R. § 64.1200(c)(2); and (3) a New York law

requiring that telemarketers disclose certain information in automated phone messages, N.Y. Gen. Bus. Law (GBL) § 399-p(3)(a). We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the dismissal of Bank's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in Bank's favor. Forest Park Pictures v. Universal Television Network, 683 F.3d 424, 429 (2d Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). We review the District Court's denial of leave to amend for abuse of discretion. Fund Liquidation Holdings LLC v. Bank of Am. Corp., 991 F.3d 370, 380 (2d Cir. 2021). As a licensed attorney, Bank is not entitled to the special solicitude generally afforded to pro se litigants. See Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010).

The District Court properly dismissed Bank's TCPA claim because the complaint does not adequately plead that Spark was responsible for the alleged

3

calls. Although Bank alleges that Spark initiated telephone calls using a prerecorded message "for the purpose of encouraging the purchase or rental of [its] energy-discount services," he also alleges that the prerecorded messages "did not state the name of the person on whose behalf" they were placed. The complaint does not allege that any portion of the calls was not prerecorded. We agree with the District Court's conclusion that under these circumstances the complaint's allegation that Spark placed the calls is conclusory.

Bank's claim relating to the National Do-Not-Call Registry was also properly dismissed because the complaint does not allege that his telephone number is on the Registry. Bank argues that the Registry is a public record amenable to judicial notice, but because he never identified his phone number, the District Court could not take judicial notice of its inclusion on the Registry.

The District Court also did not abuse its discretion in denying Bank's request for leave to amend the complaint. Leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir.

4

2014) (quotation marks omitted). We see no reason to disturb the District Court's finding of bad faith.

Finally, having properly dismissed Bank's federal claims and denied leave to amend, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state-law claim. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004).

We have considered Bank's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court